McDONALD, J.,
dissenting.
Li must respectfully dissent from the majority’s well written and well reasoned opinion, because I believe the trial judge’s opinion is just as well reasoned and is a reasonable interpretation ■ of the relevant ordinance. Not only does the ordinance not include the cleaning and waste removal as a taxable service, it specifically excludes it. Thus, as the majority indicates, this service standing alone would not be taxable under the plain language of Ordinance 10127. Additionally, the term “gross proceeds” is not defined.
The majority points out that the sales and use tax is not only imposed on the conveyed property, but also “on the event incident to the initial use of conveyed property by a purchaser or lessee.” They then resort to a discussion of determining the *1195 “essence of’ or the “true object” of the transaction, finding that the substance of the agreement, and not the separation of ancillary options or services, determines the taxability of the transaction.
The majority concludes that “the cleaning and sanitation services were provided in connection with, and incidental to, the rental of tangible personal property toilets and tanks ... [and] that the ‘true object’ of the transactions between Pot-O-Gold and its customers was the provision of the toilets and tanks.” In reaching this conclusion, the majority relies on two cases that I find clearly distinguishable. In Enterprise, the collision damage waiver insurance (CDWI)was only available if the vehicle was rented from Enterprise. It was not possible to rent the vehicle from another company and obtain the CDWI from Enterprise. The Usame is true for the liability damage waiver insurance (LDWI) at issue in the Rent-A-Center (RAC) case. The LDWI was only available for property rented from RAC. These two types of property insurance coverage, while optional, are inextricably woven into the fabric of the rental agreement.
That is not the case in the Pot-O-Gold situation. Pot-O-Gold provides three different options to its customers: the lease of the portable toilet with no cleaning services included; the lease of the portable toilet with cleaning services included; and the providing of cleaning services to another vendors’ portable toilet. The first is clearly taxable and the third is clearly not. It is the second situation that is at issue in this appeal. Pot-O-Gold points to the conflict between Louisiana Department of Revenue Ruling Nos. 06-013 and 06-012 that were relied on by the trial court. While Ruling 06-013 supports the taxing position, Ruling 06-012 does not. In Ruling 06-012, the LDR found that the waste removal fi’om a trash dumpster is not a taxable service. Pot-O-Gold quotes from the ruling:
The reason that the sales tax treatment of transactions for the furnishing of trash dumpsters and associated services ... is different from the tax treatment of transactions for the furnishing of portable toilet facilities and associated services[,] as discussed in that other [R]evenue [R]uling, is that the [“true object”] of the transactions for the dumpsters and trash pickup is the trash removal service. In the case of the transactions for portable toilets, the [“true object”] of the transaction is the furnishing of the facilities [themselves].
The trial judge found this to be distinction without a difference, so does Pot-O-Gold, and so do I. In referencing the contradiction, the trial court stated:
But, somehow that same non-taxable service then becomes taxable it it’s done in association with a port-o-let that plaintiff has provided. And I’m again at a loss at how the only differential ownership of the particular facility converts a non-taxable service that’s not contained in ... parish ordinance as a taxable service somehow becomes taxable because the container, port-o-john, whatever you want to call it, is owned by the person providing the service as opposed to the service being provided to a non-owned port-o-let. I think that gives a completely inconsistent result. I think Revenue Ruling 6-012 and 6-013 give completely inconsistent results in their treatment of the disposal — removal and disposal of waste from a port-o-let and removal and disposal of waste from a dumpster. And, again, I look at|ait, and their attempt to distinguish the two in the last paragraph of [Revenue Ruling] 6-012 is a distinction without a difference.
*1196 I believe the majority’s interpretation creates an absurd result. Providing cleaning services for the portable toilet is not a taxable event if it is owned by someone else; it is taxable if owned by the lessor. Thus, - if Pot-O-Gold were to form a separate entity that only provided cleaning services, this entity would not have to collect sales taxes.
It is hard for me (and evidently the trial judge wrestled with it) to understand the difference between the dumpster situation and the portable toilet situation. It is just as reasonable to find the true object of the portable toilet transactions is the removal of human waste as it is to find the object of the dumpster transactions is the removal of trash. Conversely, it would be just as reasonable to find that the true object of both the portable toilet and dumpster transactions is the lease of the unit and that the disposal of waste is ancillary to, and a part of, the lease.
Taxing statutes are to be interpreted liberally in favor of the taxpayer and against the taxing authority. If the statute can reasonably be interpreted more than one way, the interpretation less onerous to the taxpayer is to be adopted. UTELCOM, Inc. v. Bridges, 2010-0654 (La.App. 1 Cir. 9/12/11), 77 So.3d 39, 47, writ denied, 2011-2632 (La.3/2/12), 83 So.3d 1046. In this case, Ordinance 10127 is subject to more than one reasonable interpretation. Thus, the one favoring the taxpayer, Pot-O-Gold, should be adopted, as it was by the trial judge.
For these reasons, I would affirm the judgment of the trial court.